**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,** | |
| *Plaintiff*, | Civil Action No. _____ |
| v. | |
| **HEWLETT-PACKARD COMPANY,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its Complaint

against Defendant Hewlett-Packard Company ("Defendant"), states and alleges as follows:

**THE PARTIES**

1.      Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") is a

Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite

No. Two, Grosse Pointe, Michigan 48230.

2.      Defendant Hewlett-Packard Company is a Delaware corporation with its principal

place of business at 3000 Hanover Street, Palo Alto, California 94304.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement under the patent laws of the United

States, Title 35, United States Code, specifically §§ 271 and 281-285.  This Court has subject

matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

4.     Personal jurisdiction over Defendant comports with the United States Constitution

and 10 Del. C. § 3104 of the Delaware Code because Defendant has committed and continues to

commit and has contributed and continues to contribute to acts of patent infringement in this

district as alleged in this Complaint, and also because the Defendant is a citizen of this state.

5.     Venue is properly within the district under Title 28 United States Code

§§ 1391(b) and (c) and 1400(b).

## BACKGROUND

6.     St. Clair owns all of the rights and interests in United States Patent Nos.

5,613,130 (the "'130 Patent"); 5,630,163 (the "'163 Patent"); 5,710,929 (the "'929 Patent");

5,758,175 (the "'175 Patent"); 5,892,959 (the "'959 Patent"); 5,961,617 (the "'617 Patent"); and

6,079,025 (the "'025 Patent") (collectively, the "Patents in Suit").

7.     The '130 Patent entitled "Card Voltage Switching And Protection" was duly and

legally issued by the United States Patent and Trademark Office on March 18, 1997, after full

and fair examination.  A copy of the '130 Patent is attached hereto as Exhibit A.

8.     The '163 Patent entitled "Computer Having A Single Bus Supporting Multiple

Bus Architectures Operating With Different Bus Parameters" was duly and legally issued by the

United States Patent and Trademark Office on May 13, 1997, after full and fair examination.  A

copy of the '163 Patent is attached hereto as Exhibit B.

9.      The '929 Patent entitled "Multi-State Power Management For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998, after full and fair examination.  A copy of the '929 Patent is attached hereto as Exhibit C.

10.     The '175 Patent entitled "Multi-Mode Power Switching For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on May 26, 1998, after full and fair examination.  A copy of the '175 Patent is attached hereto as Exhibit D.

11.     The '959 Patent entitled "Computer Activity Monitor Providing Idle Thread And Other Event Sensitive Clock And Power Control" was duly and legally issued by the United States Patent and Trademark Office on April 6, 1999, after full and fair examination.  A copy of the '959 Patent is attached hereto as Exhibit E.

12.     The '617 Patent entitled "System And Technique For Reducing Power Consumed By A Data Transfer Operations During Periods Of Update Inactivity" was duly and legally issued by the United States Patent and Trademark Office on October 5, 1999, after full and fair examination.  A copy of the '617 Patent is attached hereto as Exhibit F.

13.     The '025 Patent entitled "System And Method Of Computer Operating Mode Control For Power Consumption Reduction" was duly and legally issued by the United States Patent and Trademark Office on June 20, 2000, after full and fair examination.  A copy of the '025 Patent is attached hereto as Exhibit G.

14.     Defendant sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names Envy, G series, Mini, Pavilion, Presario, All-in-One, and TouchSmart.

## COUNT I

## INFRINGEMENT OF THE '130 PATENT

15.     Plaintiff incorporates each of the preceding paragraphs 1 - 14 as if fully set forth

herein.

16.     Defendant is infringing the '130 Patent literally, or under the doctrine of

equivalents, by importing into the United States, and/or making, using, selling, or offering for

sale in the United States, including the District of Delaware, products embodying the patented

inventions claimed in the '130 Patent without authority, including but not limited to the products

identified in preceding paragraph 14.

17.     Upon information and belief, Defendant has willfully engaged in its infringing

conduct.

18.     The infringement by Defendant of the '130 Patent has injured St. Clair and will

cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined

from infringing the '130 Patent.

19.     Upon information and belief, Defendant has contributorily infringed and induced

others to infringe the '130 Patent.

## COUNT II

## INFRINGEMENT OF THE '163 PATENT

20.     Plaintiff incorporates each of the preceding paragraphs 1 - 19 as if fully set forth

herein.

21.     Defendant is infringing the '163 Patent literally, or under the doctrine of

equivalents, by importing into the United States, and/or making, using, selling, or offering for

sale in the United States, including the District of Delaware, products embodying the patented

inventions claimed in the '163 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

22.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

23.     The infringement by Defendant of the '163 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '163 Patent.

24.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '163 Patent.

## COUNT III

## INFRINGEMENT OF THE '929 PATENT

25.     Plaintiff incorporates each of the preceding paragraphs 1 - 24 as if fully set forth herein.

26.     Defendant is infringing the '929 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '929 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

27.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

28.     The infringement by Defendant of the '929 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '929 Patent.

29.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '929 Patent.

## COUNT IV

## INFRINGEMENT OF THE '175 PATENT

30.     Plaintiff incorporates each of the preceding paragraphs 1 - 29 as if fully set forth herein.

31.     Defendant is infringing the '175 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '175 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

32.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

33.     The infringement by Defendant of the '175 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '175 Patent.

34.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '175 Patent.

## COUNT V

## INFRINGEMENT OF THE '959 PATENT

35.     Plaintiff incorporates each of the preceding paragraphs 1 - 34 as if fully set forth herein.

36.     Defendant is infringing the '959 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '959 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

37.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

38.     The infringement by Defendant of the '959 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '959 Patent.

39.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '959 Patent.

### COUNT VI

### INFRINGEMENT OF THE '617 PATENT

40.     Plaintiff incorporates each of the preceding paragraphs 1 - 39 as if fully set forth herein.

41.     Defendant is infringing the '617 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '617 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

42.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

43.     The infringement by Defendant of the '617 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '617 Patent.

44.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '617 Patent.

## COUNT VII

## INFRINGEMENT OF THE '025 PATENT

45.     Plaintiff incorporates each of the preceding paragraphs 1 - 44 as if fully set forth herein.

46.     Defendant is infringing the '025 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '025 Patent without authority, including but not limited to the products identified in preceding paragraph 14.

47.     Upon information and belief, Defendant has willfully engaged in its infringing conduct.

48.     The infringement by Defendant of the '025 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendant is enjoined from infringing the '025 Patent.

49.     Upon information and belief, Defendant has contributorily infringed and induced others to infringe the '025 Patent.

**DEMANDS FOR RELIEF**

WHEREFORE, St. Clair respectfully requests that judgment be entered in its favor and against Defendant as follows:

a.      That Defendant has infringed the '130, '163, '929, '175, '959, '617, and '025 patents;

b.      That Defendant's infringement of the '130, '163, '929, '175, '959, '617, and '025 patents has been willful;

c.      That Defendant has contributorily infringed and induced others to infringe the '130, '163, '929, '175, '959, '617, and '025 patents.

d.      That Defendant and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringement, inducing others to infringe, or contributing to the infringement of the '130, '163, '929, '175, '959, '617, and '025 patents;

e.      That Defendant be ordered to account for and pay to St. Clair the damages to which St. Clair is entitled as a consequence of the infringement of the '130, '163, '929, '175, '959, '617, and '025 patents, together with pre-judgment interest and costs;

f.      That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '130, '163, '929, '175, '959, '617, and '025 patents;

g.      That all other damages permitted by Title 35 United States Code § 284, including increased damages up to three times the amount of compensatory damages found be awarded;

h.      That St. Clair be awarded its costs and attorneys' fees; and

i.      That St. Clair be awarded such other and further relief as the Court may deem just and equitable.

May 20, 2010

BAYARD, P.A.


OF COUNSEL:

 /s/ *Richard D. Kirk* (rk0922)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

R. Terrance Rader
Charles W. Bradley
RADER, FISHMAN & GRAUER, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600

*Counsel for Plaintiff St. Clair Intellectual Property Consultants, Inc.*