IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY :
CONSULTANTS, INC.,              :
                                :
    Plaintiff,                  :
                                :
v.                              :  C.A. No. 10-425-LPS
                                :
HEWLETT-PACKARD COMPANY,        :
                                :
    Defendant.                  :

## MEMORANDUM ORDER

At Wilmington this 28th day of March, 2012:

Pending before the Court are two motions: (1) a motion to strike the willfulness allegations and request for enhanced damages in the first amended complaint (D.I. 16 and, hereinafter, "Motion to Strike") filed by defendant Hewlett-Packard Company ("HP"), and (2) a motion for leave to file a second amended complaint (D.I. 18 and, hereinafter, "Motion for Leave") filed by plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"). For the reasons discussed below, the Court will grant St. Clair's Motion for Leave and deny as moot HP's Motion to Strike.

## I. BACKGROUND

On May 20, 2010, St. Clair filed this patent infringement action against HP. (D.I. 1) On July 13, 2010, HP filed an answer and a motion to strike the complaint. (D.I. 7, 8) In response, St. Clair filed a first amended complaint on July 27, 2010, procedurally mooting HP's initial motion to strike. (D.I. 11) In its first amended complaint, St. Clair alleges that HP willfully

1

infringed U.S. Patent Nos. 5,613,130; 5,630,163; 5,710,929; 5,758,175; 5,892,959; 5,961,617; and 6,079,025 (collectively, the "patents-in-suit").

In response to the first amended complaint, on August 20, 2010, HP filed the pending Motion to Strike. (D.I. 16) St. Clair opposes this motion and also requests leave to file a second amended complaint. (D.I. 19) The parties completed briefing on these motions on September 30, 2010. (D.I. 23)

## II.     LEGAL STANDARDS

### Motion for Leave to File Amended Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there are grounds to deny amendment if the delay is coupled with either an

2

unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial," (2) "significantly delay the resolution of the dispute," or (3) "prevent [a party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Cureton*, 252 F.3d at 273 (explaining party may suffer undue prejudice if proposed amendment causes surprise or necessitates additional discovery, additional costs, or additional preparation to defend against new facts or theories alleged). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules," it is also true that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273.

### Motion to Strike

The Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sepracor Inc. v. Dey, L.P.*, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008) (granting motion to strike willfulness allegations) (internal quotation marks omitted).

3

## III. DISCUSSION

HP contends that granting St. Clair leave to file a second amended complaint is futile because the proposed second amended complaint (the "Proposed Complaint"), like the first amended complaint, fails to adequately plead facts that give rise to a plausible claim of willful infringement. (*See* D.I. 22 at 3) In response, St. Clair asserts that its Proposed Complaint more than adequately alleges the elements of a willful infringement claim. (*See* D.I. 19 at 10-12; D.I. 23 at 3-6)

In *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit clarified the standard for proving willful infringement. Specifically, in order to prove a claim of willful infringement, the plaintiff must show: (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) that "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer. *Id.* at 1371.

HP contends that in order to plead a claim for willful infringement, "St. Clair must allege both knowledge of the asserted patents and knowledge of the infringement." (D.I. 17 at 1; *see also* D.I. 22 at 3) However, actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement; rather, a plaintiff may plead facts giving rise to "at least a showing of objective recklessness" of the infringement risk. *Seagate*, 497 F.3d at 1371; *see also Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 806, 810 (N.D. Ill. 2009) (applying *Seagate* and opining that showing of recklessness may rest on objectively-defined risk of infringement that was so obvious it should have been known given totality of circumstances).

The Court concludes that St. Clair's Proposed Complaint adequately pleads a claim for

4

willful infringement and, consequently, amendment is not futile. First, the Proposed Complaint details numerous factual circumstances in which the patents-in-suit were called to the attention of HP personnel and representatives. (*See* D.I. 18, Ex. 1 at ¶¶ 15-21)[1] Further, the Proposed Complaint alleges that HP "deliberately infringed the Patents in Suit and acted recklessly and in disregard to the Patents in Suit in designing and making and selling" certain products. (*Id.* at ¶ 22) The Proposed Complaint demonstrates a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either "known to HP" and/or "were so obvious under the circumstances that the infringement risks should have been known" by listing explicit instances where HP was aware of both the patents-in-suit and that it was either practicing or contemplating practicing technologies related to the patents-in-suit. (*See id.* at ¶¶ 22-23) Although HP asserts that the Proposed Complaint fails to identify which specific individuals at HP had knowledge of the potential risk of infringement, this is not required at the pleading stage; rather, this may be developed through discovery. Accordingly, the Court finds that St. Clair's allegations in the Proposed Complaint are sufficient to plead a claim for willful infringement. *See generally Rambus v. Nvidia Corp.*, 2008 WL 4911165, at *6-7 (N.D. Cal. Nov. 13, 2008) (holding that, in pleading willful infringement, "it is sufficient to allege that defendant's infringement has been 'deliberate' and in 'disregard' of the patents").

There is no evidence to indicate that St. Clair acted in bad faith or that allowing Plaintiff

---

[1] HP concedes that St. Clair has adequately alleged knowledge of the patents-in-suit. (*See* D.I. 14 at 2) Yet, the cases HP relies on in order to demonstrate the inadequacy of St. Clair's Proposed Complaint all involve situations where the plaintiff failed to plead any knowledge of the patents-in-suit. (*See* D.I. 19 at 7-8 (distinguishing cases relied on by HP))

5

to file an amended complaint would unfairly prejudice HP. Accordingly, the Court will grant St. Clair's Motion for Leave. The Court's decision to grant St. Clair leave to file the Proposed Complaint renders HP's Motion to Strike the First Amended Complaint procedurally moot.

## IV. <u>CONCLUSION</u>

For the above reasons, **IT IS HEREBY ORDERED THAT** St. Clair's Motion for Leave (D.I. 18) is **GRANTED** and HP's Motion to Strike (D.I. 16) is **DENIED AS MOOT**.

_____
UNITED STATES DISTRICT JUDGE